IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON EUGENE GETACHEW, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:13-cv-4334-D-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Brandon Eugene Getachew, a federal prisoner, has submitted a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed on limitations grounds.

**Background**

Petitioner pled guilty to possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug trafficking offense. He was sentenced to a total term of 211 months of imprisonment on May 1, 2009. *See United States v. Getachew*, No. 3:08-cr-163-D (N.D. Tex. May 1, 2009). His conviction was affirmed. *See United States v. Getachew*, 364 F. App'x 931 (5th Cir.), *cert. denied*, 130 S. Ct. 3486 (2010). On or about October 23, 2013, he submitted this motion to vacate, set aside, or correct sentence for mailing.

Petitioner contends that his guilty plea was involuntary because the Court failed

to comply with the provisions of Fed. R. Crim. P. 11, that he received ineffective assistance of counsel in connection with his guilty plea, and that he is actually innocent of possessing a firearm in furtherance of a drug trafficking crime. *See* Dkt. No. 1. The United States has submitted a preliminary response to Petitioner's Section 2255 motion in which it argues that this case is barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations. *See* Dkt. No. 5. Petitioner addressed the limitations issue in his habeas petition and in a reply brief received by the Court on December 13, 2013. *See* Dkt. No. 1 at 14-15; Dkt. No. 6.

**Legal Standards**

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The one-year limitations period is also subject to equitable tolling in "rare and

exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

The United States Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, the actual innocence gateway is only available to a movant who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

**Analysis**

Judgment was entered on May 1, 2009. *See United States v. Getachew*, No. 3:08-cr-163-D (N.D. Tex. May 1, 2009). Petitioner's conviction was affirmed on February 12, 2010. *See Getachew*, 364 F. App'x at 931. Certiorari was denied on June 21, 2010. *See Getachew*, 130 S. Ct. 3486. Petitioner's conviction became final on the date certiorari was denied by the United States Supreme Court. *See United States v. Thomas,* 203 F.3d 350, 355 (5th Cir. 2000) (holding that conviction became final when Supreme Court denied certiorari). Petitioner submitted his Section 2255 motion for mailing on or about October 23, 2013. *See* Dkt. No. 1 at 16. His Section 2255 motion is therefore untimely by over 28 months.

Petitioner seeks equitable tolling and claims that the AEDPA's limitations period should be excused due to his actual innocence of possessing a firearm in furtherance of a drug trafficking crime. *See* Dkt. No. 1 at 14-15 & Dkt. No. 6 at 2-3.

However, this conclusory argument does not constitute "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial" – that is, evidence sufficient to persuade the district court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" – such that the AEDPA's limitations period is overcome. *McQuiggin,* 133 S. Ct. at 1928, 1936 (quoting *Schlup*, 513 U.S. at 329). This is especially true since Petitioner knowingly and voluntarily pled guilty to that very crime, admitting to the elements and factual basis for conviction of such offense after an extensive Rule 11 hearing before Chief Judge Sidney A. Fitzwater. *See United States v. Getachew*, No. 3:08-cr-163-D, Dkt. No. 56 at 29-31, 48-52. Petitioner falls far short of meeting the threshold level of proof required to invoke an actual innocence or miscarriage of justice exception to the AEDPA's statute of limitations. *See, e.g.*, *Golmon v. Director, TDJC-CID,* No. 6:13-cv-325, 2013 WL 3724838, at *1 (E.D. Tex. July 15, 2013) (petitioner's failure to present any evidence of innocence was insufficient to invoke exception); *see also Sullivan v. Walker,* No. 4:12-cv-134-A, 2013 WL 2948089, at *3 (N.D. Tex. June 14, 2013) (same).

Petitioner has not satisfied his burden of showing that he is entitled to equitable tolling or that the AEDPA's one-year limitations period should not be enforced.

**Recommendation**

Petitioner's motion to vacate, set aside, or correct sentence should be dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 17, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE